RAY & AL. vs. CANNON & AL.

Inconsistency in pleas, not objected to below, cannot be complained of on the appeal.
The Spanish insolvent laws, in force before the adoption of the constitution of the U.S. by the people of Louisiana, are not affected by that instrument.

APPEAL from the court of the parish and city of New Orleans.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff's petition is answered by one of the defendants only. He denies the debt; and also pleads in bar, or an exception to the action, *a cession* of goods. The court below sustained this exception, and dismissed the suit. From this decision the plaintiffs appealed.

It does not appear by the record, that any objection was made to the defendant's answer, whilst the cause was pending before the inferior court; but it is now objected to, on account of duplicity or inconsistency, as contain-

ing a general denial of the debt, and a special
plea in bar of its recovery.

East'n. District.
Dec. 1823.

RAY & AL.
vs.
CANNON & AL.

Our laws regulating proceedings in the courts
of justice, do not require any great nicety in
pleading : and although inconsistent and con-
tradictory pleas ought not to be tolerated, yet,
when a plaintiff goes to trial on any one of
such pleas, a judgment or decision thereon ren-
dered, which is final in its nature, by a court
in the first instance, may be re-examined with-
out regard to the manner of pleading; but
this inconsistency does not appear in the pre-
sent case. The record shews, that the judg-
ment of the parish court is founded solely on
the defendant's exception to the action in its
present form : and on this alone we must pro-
ceed to examine the case.

It is admitted on the part of the plaintiff, that
a *bona fide cessio bonorum*, will release an in-
solvent debtor from personal arrest and impri-
sonment : but that it is not a legal bar to the
pursuit of any claim against him to judgment,
on account of a debt contracted previous to
such surrender of his property. In support of
this last position assumed by their counsel, they
rely principally on the unconstitutionality of
our insolvent or bankrupt laws ; as being re-

pugnant to the 10th sec. of the 1st art. of the Constitution of the United States, which prohibits the state legislatures from passing any law impairing the obligation of contracts. This subject has received so full a discussion, and satisfactory determination, on most of the questions to which it could give rise, by a decision of the supreme court of the United States, in the case of *Sturges* vs. *Crowningshield*, as reported in 4 *Wheaton*, and some subsequent cases, to be found in the books of the same reporter; that we need only refer to the doctrine therein established, as the basis of our judgment in the present case. According to these decisions, it seems to be now settled,—1st. That a state legislature may, without violating the constitution of the United States, pass laws, modifying the remedy given to enforce the obligation of contracts. 2d. That a law which releases debtors from imprisonment, is of this class, and therefore constitutional. 3d. That the obligation of a contract is not fulfilled by a *cessio bonorum :* because a creditor does not look alone to the property in possession of his debtor, but also to that which he may at any further time acquire by his talents and industry. 4th. That no clause can be constitution-

ally introduced into an insolvent or bankrupt law, of any one of the states, whereby a debtor is released from the obligation of his contracts.

These are some of the principal points determined in the case alluded to in 4 *Wheaton*. In the 5th vol. of that reporter, we find it also settled, that the provision of the constitution which prohibits the states individually from passing laws " impairing the obligation of contracts," does not extend to a state law, enacted before the constitution commenced its operation.

The defendant, in his answer, claims the benefit of all the laws of this state, which relate to the situation of insolvents.   He insists in argument, that the former laws, which were in force on the same subject, have not been repealed by the act of 1817, so far as they relate to his case ;  because that act contains no general repealing clause ; and there is no repugnancy between the provisions of the posterior and prior laws.

It has been already decided by this court, in the case of *Shaw* vs. *his creditors*, That the Spanish laws which relate to insolvency, and surrender of property, are not repealed by the act of the legislature above alluded to, except

East'nDistrict.
*Dec.* 1823.

RAY & AL.
*vs.*
CANNON & AL.

so far as the provisions of the two laws may be irreconcilable.   Therefore a person who proceeds in the surrender of his property according to the act of the state legislature, may nevertheless enjoy the benefit of provisions made in his favor, and recognised in the former laws of the country, which are not wholly repugnant and incompatible with those of the latter. But admitting that this case must be governed entirely by the act of 1817, still we are inclined to think the decision of the parish court to be correct ; for the clause of the act which protects an honest debtor, who has made a cession of his goods, against all kinds of suits, until he shall have acquired more property, may fairly be considered as appertaining to the remedy given by law to enforce the obligation of a contract, and not to the obligation itself.   It does not postpone the fulfilment of the contract, because this can only be effected by the debtor's acquisition of other property, after having made a full surrender.   Why should an honest but unfortunate man be harassed with suits, after a *cessio bonorum*, when it is evident that his creditors can derive no advantage from them ?   Not even as much as they might do from the imprisonment of his person ; which

might possibly induce his friends to come to his relief.

The provisions of the former law, and the act of 1817, are in complete concordance.

By both, the person of the debtor who has made a fair surrender of his property, is protected from arrest and imprisonment; and he is also secure against vexatious suits, on account of his old debts, before he may have acquired, by his industry and talents, more property. The Spanish law was in force before the constitution of the United States operated on this state, and consequently its provisions cannot be effected by that compact. The obligation of the defendant's contract may be enforced, when he shall be possessed of means to discharge it, when the plaintiffs may truly allege, and prove, that he has acquired more property than is sufficient for a bare subsistence. This mode of proceeding, does, in our opinion, satisfy the law, and comports with justice and humanity.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed, with costs.

*Watts* & *Lobell* for the plaintiffs, *Workman* for the defendant.